**C. Marie Eckert, P.C.**, OSB No. 883490
marie.eckert@millernash.com
**John C. Clarke**, OSB No. 153245
john.clarke@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

**Craig D. Leavell**, ISB No. 6256260
*Admitted Pro Hac Vice*
craig.leavell@btlaw.com
**Casey G. Campbell**, ISB No. 6318370
*Admitted Pro Hac Vice*
casey.campbell@btlaw.com
BARNES & THORNBURG LLP
One N Wacker Dr, Ste 4400
Chicago, IL 60606
Telephone: 312.214.4868
Facsimile: 312.759.5646

**Mark C. Nelson**, TSB No. 00794361
*Admitted Pro Hac Vice*
mark.nelson@btlaw.com
**Daniel A. Valenzuela**, TSB No. 24067918
*Admitted Pro Hac Vice*
daniel.valenzuela@btlaw.com
BARNES & THORNBURG LLP
2121 N Pearl St, Ste 700
Dallas, TX 75201
Telephone: 214.258.4150
Facsimile: 214.258.4199

*Attorneys for Plaintiff National Steel Car Limited*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISON

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREENBRIER-CONCARRIL LLC, a Delaware limited liability company; and GREENBRIER LEASING COMPANY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:20-cv-01275-YY<br><br>PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S CONSTRUCTION OF "FLOOR PANEL" AND "DECK" |

Page 1 -   Plaintiff's Motion for Clarification or Reconsideration of the Court's Construction of "Floor Panel" and "Deck"

4841-0094-8211.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

## I. LR 7-1 CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7-1(a), counsel for plaintiff National Steel Car Ltd. ("NSC") conferred with counsel for the defendants (collectively, "Greenbrier") through e-mail communications and a telephone conference to resolve the issues addressed in this motion and have been unable to do so.

## II. MOTION

NSC respectfully moves for clarification, or in the alternative, reconsideration, of the Court's recent construction of the "floor panel" and "deck" terms in the asserted claims.

## III. MEMORANDUM

On pages 14-16 of the Court's Opinion and Order regarding claim construction (ECF 127), the Court discusses the intrinsic, specification evidence supporting that the "floor panel" and "deck" recited in the asserted claims can have extensions that can be "joined after-the-fact as gussets welded in place," or "fabricated piecemeal, as stub plates." ECF 127 at 14 (citing ECF 1-1, at 51 & 59; ECF 1-2, at 52 & 60). The Court further acknowledges that "extensions may be created with a gusset, which is 'a plate used to connect two or more members or to reinforce a joint.'" ECF 127 at 16 (citing NSC Ex. 13, at 433, ECF 92-1). In light of this same intrinsic, specification support, NSC's proposed construction permitted the extension to be either "integral" or a "separate" piece. Even Greenbrier's proposed construction permitted the extension to be a separate, albeit "abutting" piece, as an alternative to an integral extension:

E. "floor panel" and "deck"

| NSC's Proposed Construction | Greenbrier's Proposed Construction |
|---|---|
| A "deck" or "floor panel" can be one piece, or a plurality of pieces joined together, and may also include one or more extensions, which may be integral, or which can be separate | floor sheet, or abutting floor sheets joined together, that may have one or more integral or abutting floor extensions |

Court's Opinion and Order (ECF 127) at 13.

/ / /

Page 2 -   Plaintiff's Motion for Clarification or Reconsideration of the Court's Construction of "Floor Panel" and "Deck"

4841-0094-8211.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

Based on the intrinsic evidence, the Court rejected Greenbrier's proposed requirement that a separate extension must be "abutting." In doing so, the Court seemed to recognize that extensions may be "separate," including extensions that are joined after-the-fact as gussets welded in place, fabricated piecemeal with a plate, or created with a gusset, as explained in the specification of the asserted patents. By deleting the word "abutting" from Greenbrier's proposed construction, but adopting the remainder of Greenbrier's construction, however, the Court's construction could be interpreted as precluding any non-integral extension from falling within the literal scope of the claims. Neither party sought such a narrow construction.

NSC respectfully submits that an interpretation that would be limited to "integral" extensions, to the exclusion of extensions that are "joined after-the-fact as gussets welded in place," or "fabricated piecemeal, as stub plates," would be overly narrow and incorrect as a matter of law under controlling Federal Circuit precedent. As the Court is aware, "[c]laim construction requires a determination as to how a person of ordinary skill in the art would understand a claim term 'in the context of the entire patent, including the specification.'" *Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1367 (Fed. Cir. 2021) (*see also Uniloc 2017 LLC v. Apple Inc.*, 996 F.3d 1368, 1374 (Fed. Cir. 2021) ("we arrive at that construction by focusing on the prosecution history, the specification, and the context of the particular claims in which the term . . . appears"). "Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). "[T]he specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Id.*

Page 3 -   Plaintiff's Motion for Clarification or Reconsideration of the Court's Construction of "Floor Panel" and "Deck"

4841-0094-8211.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

Accordingly, to the extent the Court, by removing the word "abutting" from Greenbrier's proposed construction, meant to include within the scope of the terms "floor panel" and deck" an extension that was separate but not abutting, NSC respectfully requests clarification of the Court's construction.  Alternatively, if the Court did intend to narrowly limit the terms "floor panel" and "deck" to require that a floor extension (if present) must be integral, NSC respectfully requests reconsideration in light of the clear, intrinsic evidence that establishes that a floor extension need not be integral.

NSC respectfully submits that "floor panel" and deck" should be construed as NSC originally proposed:  A "deck" or "floor panel" can be one piece, or a plurality of pieces joined together, and may also include one or more extensions, which may be integral, or which can be separate."  Alternatively, if the Court's view is that the word "sheet" remains necessary,[1] NSC submits that NSC's proposed construction should be adopted, but with the words "piece" and "pieces" replaced with "sheet" and "sheets":  A "deck" or "floor panel" can be one sheet, or a plurality of sheets joined together, and may also include one or more extensions, which may be integral, or which can be separate."

---

[1] NSC maintains its position that inclusion of the word "sheet" is unnecessary.   It would be improper to limit all the claims to require a floor sheet, when only certain dependent claims recite such a feature.  *See Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1237 (Fed. Cir. 2016) (finding that it would have been improper for the Board to construe a claim to include features of that term already recited in other dependent claims, as it would make these features redundant); *see also RF Delaware, Inc. v. Pacific Keystone Technologies, Inc.*, 326 F.3d 1255, 1263–64 (Fed. Cir. 2003) (finding a term that is contained within the independent claim should not be limited to a construction that would render part of a dependent claim redundant of the independent claim).

Page 4 -   Plaintiff's Motion for Clarification or Reconsideration of the Court's Construction of "Floor Panel" and "Deck"

4841-0094-8211.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

DATED this 22nd day of July, 2021.

*s/ C. Marie Eckert*
C. Marie Eckert, P.C., OSB No. 883490
marie.eckert@millernash.com
John C. Clarke, OSB No. 153245
john.clarke@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Craig D. Leavell (*Pro Hac Vice*)
craig.leavell@btlaw.com
Casey G. Campbell (Pro Hac Vice)
casey.campbell@btlaw.com
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois  60606
Telephone:  312.214.4868
Facsimile:  312.759.5646

Mark C. Nelson (*Pro Hac Vice*)
marc.nelson@btlaw.com
Daniel A. Valenzuela (*Pro Hac Vice*)
daniel.valenzuela@btlaw.com
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois  60606
Telephone:  312.214.4868
Facsimile:  312.759.5646

*Attorneys for National Steel Car*

Page 5 -    Plaintiff's Motion for Clarification or Reconsideration of the Court's Construction of "Floor Panel" and "Deck"

4841-0094-8211.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Plaintiff's Motion for Clarification or Reconsideration of the Court's Construction of "Floor Panel" and "Deck" on:

Audra C. Eidem Heinze
aheinze@bannerwitcoff.com
Brian T. Apel
bapel@bannerwitcoff.com
J. Pieter van Es
pvanes@bannerwitcoff.com
Marc S. Cooperman
mcooperman@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S Wacker Dr, Ste 3600
Chicago, IL 60606
*Attorneys for Greenbrier Defendants*

Nathan C. Brunette
nathan.brunette@stoel.com
Steven T. Lovett
steve.lovett@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave, Ste 3000
Portland, OR 97205

by the following indicated methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.** As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☒ **E-mail (courtesy copy).**

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED: July 22, 2021.

*s/ C. Marie Eckert*
C. Marie Eckert, P.C., OSB No. 883490
*Of Attorneys for Plaintiff National Steel Car Limited*

Page 1 -   Certificate of Service

4841-0094-8211.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204