**C. Marie Eckert, P.C.**, OSB No. 883490
marie.eckert@millernash.com
**John C. Clarke**, OSB No. 153245
john.clarke@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

**Craig D. Leavell**, ISB No. 6256260
*Admitted Pro Hac Vice*
craig.leavell@btlaw.com
Casey G. Campbell, ISB No. 6318370
*Admitted Pro Hac Vice*
casey.campbell@btlaw.com
BARNES & THORNBURG LLP
One N Wacker Dr, Ste 4400
Chicago, IL 60606
Telephone: 312.214.4868
Facsimile: 312.759.5646

**Mark C. Nelson**, TSB No. 00794361
*Admitted Pro Hac Vice*
mark.nelson@btlaw.com
**Daniel A. Valenzuela**, TSB No. 24067918
*Admitted Pro Hac Vice*
daniel.valenzuela@btlaw.com
BARNES & THORNBURG LLP
2121 N Pearl St, Ste 700
Dallas, TX 75201
Telephone: 214.258.4150
Facsimile: 214.258.4199

*Attorneys for Plaintiff National Steel Car Limited*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREENBRIER-CONCARRIL LLC, a Delaware limited liability company; and GREENBRIER LEASING COMPANY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:20-cv-01275-YY<br><br>PLAINTIFF NATIONAL STEEL CAR LIMITED'S ANSWER TO DEFENDANT THE GREENBRIER LEASING COMPANY, LLC'S AND GREENBRIER-CONCARRIL LLC'S DECLARATORY JUDGMENT COUNTERCLAIMS TO FIRST AMENDED COMPLAINT |

Page 1 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

Plaintiff National Steel Car Limited ("NSC"), by and through its counsel, hereby provides its Answer to Defendants' Greenbrier Leasing Company, LLC's ("Greenbrier Leasing") and Greenbrier-Concarril LLC's ("Greenbrier-Concarril") (collectively, "Greenbrier Entities") Declaratory Judgment Counterclaims to First Amended Complaint ("Counterclaims") and states:

NSC denies that the Greenbrier Entities are entitled to the relief requested, or any other relief. NSC further denies each and every allegation contained in the Counterclaims, except as expressly stated below. Any factual allegation in the Counterclaims is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the facts as admitted. To the extent an allegation is not expressly admitted herein, the allegations contained in the Counterclaims are denied.

## COUNTERCLAIMS

### PARTIES

1.NSC admits that Greenbrier Leasing is an Oregon corporation with its principal place of business at One Centerpointe Drive, Suite 200, Lake Oswego, Oregon 97035.

2.NSC admits that Greenbrier-Concarril is a Delaware corporation with its principal place of business at One Centerpointe Drive, Suite 200, Lake Oswego, Oregon 97035.

3.NSC admits that it is a Canadian corporation with its principal place of business at 600 Kenilworth Avenue North, Hamilton, Ontario, Canada L8N 3J4.

### JURISDICTION AND VENUE

4.NSC admits that Greenbrier Entities purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code, and the Federal Declaratory Judgment Act, but denies that such declaratory judgment claim has any legal or factual merit.

Page 2 -Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

5. NSC admits that this Court has original jurisdiction of the subject matter of the Counterclaims under 28 U.S.C. §§ 1331, 1338 (a), 2201, and 2202, but denies that the subject matter of the Counterclaims is legally valid or sufficient.

6. NSC admits that Greenbrier Entities has infringed United States Patent Nos. 7,434,519 and 7,878,125 ("the '519 patent" and "the '125 patent," respectively). NSC neither contests personal jurisdiction nor venue in the District of Oregon for the purposes of this action as the Western District of Texas transferred this case to this judicial district on July 27, 2020.

7. NSC admits as to the existence of a controversy, but denies the remaining allegations of paragraph 7 of the Counterclaims.

**FACTUAL BACKGROUND: CARS ACCUSED BY NSC IN THE PRESENT ACTION DO NOT INFRINGE ANY ASSERTED CLAIM OF THE ASSERTED PATENTS**

8. NSC admits that NSC's First Amended Complaint accuses "6400 cubic foot and 7100 cubic foot gondola cars, including gondola cars stenciled with AAR reporting marks CDEX 19005 and CDEX 19432" of infringing the '519 patent and the '125 patent.

9. NSC admits that NSC served Preliminary Infringement Contentions on March 19, 2020, that also accused cars that it identified as the "Lane Forest Cars," "Unknown Gondola Customer cars," and the "7100 Woodchip gondola cars" of allegedly infringing the '519 patent and the '125 patent.

10. NSC admits that NSC's Preliminary Infringement Contentions state that NSC "understands" that the Lane Forest Cars, Unknown Gondola Customer cars, and the 7100 Woodchip cars are "the same or substantially the same in relevant part as the CDEX Series cars." NSC further admits that NSC's Preliminary Infringement Contentions assert claims 1-4, 8, 9, 11-16, 18, 19, and 22-25 of the '519 patent and claims 1, 11, 15, 16, 18, and 19 of the '125

Page 3 -    Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

patent.

11. NSC denies the allegations of paragraph 11 of the Counterclaims.

12. NSC denies the allegations of paragraph 12 of the Counterclaims.

13. NSC denies the allegations of paragraph 13 of the Counterclaims.

## FACTUAL BACKGROUND: PRIOR ART DISCLOSES THE ASSERTED CLAIM LIMITATIONS

14. NSC denies the allegations of paragraph 14 of the Counterclaims.

15. NSC admits that GCI[1] served its Preliminary Invalidity Contentions on NSC on June 1, 2020. NSC admits that GCI purports to attach a true and correct copy of GCI's redacted Preliminary Invalidity Contentions, including invalidity charts for two prior art references to each asserted patent as Exhibit 1 to the Counterclaims. NSC denies the remaining allegations of paragraph 15 of the Counterclaims.

16. NSC admits that GCI purports to attach a true and correct photograph of the Brandenburg V-Bottom gondola car as Figure 1. NSC denies the remaining allegations of paragraph 16 of the Counterclaims.

17. NSC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 because the alleged prior art reference is not fully identified, and because NSC cannot speculate as to what the examiner may have looked at beyond that which is noted in the prosecution history, and NSC therefore denies the allegations of paragraph 17 of the Counterclaims.

18. NSC denies the allegations of paragraph 18 of the Counterclaims.

---

[1] GCI was the originally named defendant in this action. By joint stipulation, the Greenbrier Entities were substituted for GCI. (ECF No. 117.)

Page 4 -    Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

19. NSC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 because the alleged prior art reference is not fully identified, and NSC therefore denies the allegations of paragraph 19 of the Counterclaims.

## FACTUAL BACKGROUND: UNDISCLOSED PRIOR ART RENDERS THE '519 PATENT AND THE '125 PATENT UNENFORCEABLE

### A. NSC's and the Named Inventors' Knowledge of Material Prior Art Railcars

20. NSC admits that James W. Forbes is one of the named inventors on the '519 patent and the '125 patent. NSC further admits that the quoted phrase, "observe the unloading of aggregate gondola cars re. potential damage of the NSC clean out door" appears in the July 2005 trip report. NSC denies the remaining allegations of paragraph 20 of the Counterclaims.

21. NSC denies the allegations of paragraph 21 of the Counterclaims.

22. NSC admits that the quoted phrase, "edges of the floor sheet [were] bent up with what looked like a 1 [inch] plus radius to lap on the inside of the side sheets. The vertical leg was welded to the side sheets with a single fillet weld" appears in the July 2005 trip report. To the extent not specifically admitted, all allegations and inferences thereof of paragraph 22 and the implications thereof are denied.

23. NSC admits that the quoted phrase, "[n]otice in the pictures the loader left an angle profile of gravel in the lower end corner. It was clear that the blade of the bucket cannot touch the clean out door" appears in the July 2005 trip report, but the quoted portion is taken out of context and therefore misleading. NSC denies that the quoted portion has the same meaning when complete and in context. To the extent not specifically admitted, all allegations and inferences thereof of paragraph 23 and the implications thereof are denied.

24. NSC denies the allegations of paragraph 24 of the Counterclaims.

Page 5 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

25. NSC lacks information or belief showing it was aware of the disclosed subject matter of the July 2005 trip report during the pendency of the '519 patent and the '125 patent, and therefore denies any such implication, and further denies that the July 2005 trip report would have been material to the examination of either the '519 patent or the '125 patent. To the extent not specifically admitted, all allegations and inferences thereof of paragraph 25 and the implications thereof are denied.

26. NSC admits that the quoted phrase, "several photos and a video" appears in the July 2005 trip report. To the extent not specifically admitted, all allegations and inferences thereof of paragraph 26 and the implications thereof are denied.

27. NSC admits that it responded to an interrogatory that "[a]fter a reasonable investigation, NSC has not found any photos or video referenced in the July 4, 2005 Trip Report, or any information about any railcar(s) that may have been depicted therein." NSC denies the remaining allegations of paragraph 27 of the Counterclaims.

**B.     NSC's and the Named Inventors' Failure to Disclose Material Prior Art to the PTO During Prosecution**

28. NSC admits that the application ("Application") that issued as the '519 patent was filed on November 10, 2005, naming James W. Forbes, Tomasz Bis, and Mohammed Al-Kaabi as inventors. NSC further admits that an assignment was recorded with the PTO on February 1, 2006, assigning the Application to NSC. Kenneth L. Bousfield of McCarthy Tetrault LLP was the attorney who signed the Application that issued as the '519 patent, and Michael H. Minns of Hahn Loeser & Parks LLP also signed filings in connection with the prosecution of the Application that issued as the '519 patent.

/ / /

Page 6 -     Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

29. NSC admits that on or around January 30, 2006, Mr. Forbes, Mr. Bis, and Mr. Al-Kaabi executed a sworn declaration acknowledging their "duty to disclose information, which is material to patentability as defined in 37, Code of Federal Regulations, § 1.56, and which is material to the examination of this [Application], namely, information where there is a substantial likelihood that a reasonable Examiner would consider it important in deciding whether to allow the application to issue as a patent . . . ."

30. NSC admits that during prosecution of the Application, on January 8, 2008, the patent examiner issued an office action that rejected Application claims 1-3, 6-9, 12, 13, 15 and 16 under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent No. 1,962,717 to Kiesel (hereafter "Kiesel"). NSC further admits that, among other things, the examiner stated that Kiesel disclosed "said at least one floor panel and said shear web member are directly mated together." NSC further admits that Application claim 1 reviewed by the examiner is reproduced below.

> 1. (Currently Amended)  A rail road gondola car comprising:
>     a gondola car body carried by railroad car trucks for rolling motion along rail road tracks;
>     said gondola car body having a longitudinal centerline;
>     said gondola car body having a floor and a wall structure standing upwardly of said floor, said floor and said wall structure defining a lading receptacle;
>     said gondola car body including a pair of lengthwise running side beams, said side beams defining portions of said wall structure;
>     said side beams each having an upper margin, and a longitudinally running shear web member extending predominantly downwardly of said upper margin;
>     said floor including at least one floor panel; and
>     said <u>at least one</u> floor panel and said shear web member being directly mated together.

31. NSC admits that in the January 8, 2008, office action, the patent examiner also allowed Application claim 22 if rewritten in independent form including all of the limitations of the base claim and any intervening claims. NSC further admits that Application claim 22

Page 7 -    Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

reviewed by the examiner is reproduced below.

> 22. (Currently Amended) The rail road gondola car of claim 1 wherein said rail road <u>gondola</u> car includes at least one clean out port mounted in one of said side beams, said clean out port including a movable access member.

32. NSC admits that in response to the January 8, 2008, office action, the applicant amended Application claim 1 and corresponding dependent claims to add limitations to overcome Kiesel, including "said shear web member has a lower margin terminating at said at least one floor panel." NSC further admits that Application claim 1 as amended by the applications is reproduced below (with yellow highlighting added).

> 1. (Currently Amended) A rail road gondola car comprising:
>    a gondola car body carried by railroad car trucks for rolling motion along rail road tracks;
>    said gondola car body having a longitudinal centerline;
>    said gondola car body having a floor and a wall structure standing upwardly of said floor,
>       said floor and said wall structure defining a lading receptacle;
>    <u>said floor including at least one floor panel;</u>
>    said gondola car body including a pair of lengthwise running side beams, said side beams
>       defining portions of said wall structure;
>    said side beams each having an upper margin, and a longitudinally running shear web
>       member extending predominantly downwardly of said upper margin ==and said shear web member has a lower margin terminating at said at least one floor panel==; and
>    ~~said floor including at least one floor panel; and~~
>    said at least one floor panel and <u>said lower margin of</u> said shear web member being directly
>       mated together.

33. NSC admits that the Applicant argued that in contrast to the alleged invention "in which the laterally outboard portion of the floor panel and the lower margin of the web of the side beam are directly mated to form a structural section in which the floor panel acts as the bottom flange of the side beam, (and such as may then obviate the need for a longitudinal tensile chord member, such as the bottom chord defined by the horizontal leg of a side sill), the Kiesel structure employs a web that extends beyond the floor panel to mate with a bottom chord, 6."

Page 8 -    Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended
            Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

NSC further admits that an excerpt of the applicant's argument is reproduced below (with yellow highlighting added).

> 1) **Claim Amendments – Claim 1**
>
> The cited reference, US Patent 1,962,717 of Kiesel is an all-rivetted car that has deep side beams. The depth of the side beams is greater between the trucks than at the ends of the car. In this car the webs of the side beam do not stop at the floor, but rather continue past the floor sheet, as seen in Figures IV, VI, VII and VIII. ==In contrast to a structure in which the laterally outboard portion of the floor panel and the lower margin of the web of the side beam are directly mated to form a structural section in which the floor panel acts as the bottom flange of the side beam, (and such as may then obviate the need for a longitudinal tensile chord member, such as the bottom chord defined by the horizontal leg of a side sill), the Kiesel structure employs a web that extends beyond the floor panel to mate with a bottom chord, 6.== It is this bottom chord **6** that functions as the bottom flange of Kiesel's side beam.

34. NSC admits that the Applicant did not amend any other Application claims to include the limitation "said shear web member has a lower margin terminating at said at least one floor panel." For example, Application claim 22 does not include the limitation "said shear web member has a lower margin terminating at said at least one floor panel." NSC further admits that Application claim 22 as amended by applicant is reproduced below.

> 22. (Currently Amended) <u>A rail road gondola car comprising:</u>
>     <u>a gondola car body carried by railroad car trucks for rolling motion along rail road tracks;</u>
>     <u>said gondola car body having a longitudinal centerline;</u>
>     <u>said gondola car body having a floor and a wall structure standing upwardly of said floor, said floor and said wall structure defining a lading receptacle;</u>
>     <u>said gondola car body including a pair of lengthwise running side beams, said side beams defining portions of said wall structure;</u>
>     <u>said side beams each having an upper margin, and a longitudinally running shear web member extending predominantly downwardly of said upper margin;</u>
>     <u>said floor including at least one floor panel;</u>
>     <u>said at least one floor panel and said shear web member being directly mated together; and</u>
>     ~~The rail road gondola car of claim 1 wherein said rail road gondola car includes~~ at least one clean out port mounted in one of said side beams, said clean out port including a movable access member.

Page 9 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

35. NSC admits that the modified coal cars were not disclosed to the PTO during the prosecution of the Application that issued as the '519 patent, but denies as to any implication that either NSC or NSC's attorneys acting on its behalf prosecuting the Application that issued as the '519 patent were aware of the modified coal cars during that time, and further denies any such implication that the modified coal cars would have been material to the examination of the '519 patent.

36. NSC admits that the '519 patent issued on October 14, 2008.

37. NSC admits that the quoted phrases recited in paragraph 37 appear in claims of the '519 patent, but denies that those phrases appear in all claims of the '519 patent. NSC further admits that claim 27 of the '519 patent is reproduced in paragraph 37.

## COUNT I

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,434,519)

38. NSC admits that Greenbrier Entities purport to repeat and allege every allegation contained in the foregoing paragraphs 1-37 as if fully set forth herein, but denies that paragraphs 1-37 provide legal or factual support for Count I.

39. NSC admits as to the existence of a controversy, but denies that Greenbrier Entities' allegations and arguments have any legal or factual merit.

40. NSC denies the allegations of paragraph 40 of the Counterclaims.

41. NSC denies the allegations of paragraph 41 of the Counterclaims.

## COUNT II

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,878,125)

42. NSC admits that Greenbrier Entities purport to repeat and allege every allegation contained in the foregoing paragraphs 1-37 as if fully set forth herein, but denies that paragraphs

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

1-37 provide legal or factual support for Count II.

43. NSC admits as to the existence of a controversy, but denies that Greenbrier Entities' allegations and arguments have any legal or factual merit.

44. NSC denies the allegations of paragraph 44 of the Counterclaims.

45. NSC denies the allegations of paragraph 45 of the Counterclaims.

## COUNT III

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,434,519)

46. NSC admits that Greenbrier Entities purport to repeat and allege every allegation contained in the foregoing paragraphs 1-37 as if fully set forth herein, but denies that paragraphs 1-37 provide legal or factual support for Count III.

47. NSC admits as to the existence of a controversy, but denies that Greenbrier Entities' allegations and arguments have any legal or factual merit.

48. NSC denies the allegations of paragraph 48 of the Counterclaims.

49. NSC denies the allegations of paragraph 49 of the Counterclaims.

## COUNT IV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,878,125)

50. NSC admits that Greenbrier Entities purport to repeat and allege every allegation contained in the foregoing paragraphs 1-37 as if fully set forth herein, but denies that paragraphs 1-37 provide legal or factual support for Count IV.

51. NSC admits as to the existence of a controversy, but denies that Greenbrier Entities' allegations and arguments have any legal or factual merit.

52. NSC denies the allegations of paragraph 52 of the Counterclaims.

53. NSC denies the allegations of paragraph 53 of the Counterclaims.

Page 11 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

## COUNT V

**(Declaratory Judgment of Invalidity of U.S. Patent Nos. 7,434,519 & 7,878,125)**

54. NSC admits that Greenbrier Entities purport to repeat and allege every allegation contained in the foregoing paragraphs 1-37 as if fully set forth herein, but denies that paragraphs 1-37 provide legal or factual support for Count V.

55. NSC admits as to the existence of a controversy, but denies that Greenbrier Entities' allegations and arguments have any legal or factual merit.

56. NSC denies the allegations of paragraph 56 of the Counterclaims.

57. NSC denies the allegations of paragraph 57 of the Counterclaims.

58. NSC denies the allegations of paragraph 58 of the Counterclaims.

59. NSC admits that the modified coal cars were not disclosed to the PTO during the prosecution of the Application that issued as the '519 patent, but denies as to any implication that either NSC or NSC's attorneys acting on its behalf prosecuting the Application that issued as the '519 patent were aware of the modified coal cars during that time, and further denies any such implication that the modified coal cars would have been material to the examination of the '519 patent.

60. NSC denies the allegations of paragraph 60 of the Counterclaims.

61. NSC denies the allegations of paragraph 61 of the Counterclaims.

62. NSC denies the allegations of paragraph 62 of the Counterclaims.

63. NSC admits that the phrases recited in paragraph 63 appear in 37 C.F.R. § 1.56, but denies that those phrases comprise the complete duty to disclose information material to patentability.

64. NSC denies the allegations of paragraph 64 of the Counterclaims.

Page 12 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

65. NSC admits that the '125 patent is a member of the same patent family as the '519 patent. NSC further admits that the '125 patent is a continuation of U.S. Patent No. 7,757,611, which is a division of U.S. Patent No. 7,559,284, which is a division of U.S. Patent No. 7,434,519. NSC denies the remaining allegations of paragraph 65 of the Counterclaims.

66. NSC denies the allegations of paragraph 66 of the Counterclaims.

## DEFENDANTS' PRAYER FOR RELIEF

67. NSC denies that Greenbrier Entities are entitled to the relief requested in Paragraphs A-G of Defendants' Prayer for Relief.

## JURY TRIAL DEMAND

68. The Counterclaims sets forth a demand for jury trial, to which no response is required.

## NSC'S PRAYER FOR RELIEF IN RESPONSE TO COUNTERCLAIMS

WHEREFORE, NSC hereby demands judgment of Greenbrier Entities' Counterclaims that:

A. Greenbrier Entities' Counterclaims be dismissed with prejudice;

B. NSC's '519 Patent and '125 Patent are valid and enforceable;

C. Judgment in favor of NSC that Greenbrier Entities have infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '519 and '125 patents;

D. An award of all damages adequate to compensate NSC for Greenbrier Entities' infringement of the '519 and '125 patents;

E. A judgment that Greenbrier Entities' infringement was willful and that the Court award treble damages for the period of such willful infringement pursuant to at least

Page 13 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

35 U.S.C. § 284;

  F. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

  G. A finding that this is an exceptional case and awarding NSC its costs, expenses, disbursements, and reasonable attorneys' fees related to Greenbrier Entities' infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

  H. A permanent injunction preventing Greenbrier Entities, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, from infringement of one or more claims of the '519 and '125 patents or, in the alternative, if the Court finds that an injunction is not warranted, NSC requests an award of post-judgment royalty to compensate for future infringement;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 14 - Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

I. That NSC be granted all other relief, in law or equity, as the Court may deem just and proper.

Dated: July 30, 2021

/s/ John C. Clarke
C. Marie Eckert, P.C., OSB No. 883490
marie.eckert@millernash.com
John C. Clarke, OSB No. 153245
john.clarke@millernash.com
MILLER NASH LLP
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Phone: 503.224.5858 | Fax: 503.224.0155

Craig D. Leavell (Admitted *Pro Hac Vice*)
craig.leavell@btlaw.com
Casey Campbell (Admitted *Pro Hac Vice*)
casey.campbell@btlaw.com
BARNES & THORNBURG LLP
One N Wacker Dr, Ste 4400
Chicago, IL 60606
Phone: 312.214.4868 | Fax: 312.759.5646

Mark C. Nelson (Admitted *Pro Hac Vice*)
mark.nelson@btlaw.com
Daniel A. Valenzuela (Admitted *Pro Hac Vice*)
daniel.valenzuela@btlaw.com
BARNES & THORNBURG LLP
2121 N Pearl St, Ste 700
Dallas, TX 75201
Phone: 214.258.4150 | Fax: 214.258.4199

*Attorneys for Plaintiff National Steel Car Limited*

Page 15 -   Plaintiff's Answer to Declaratory Judgment Counterclaims to First Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Plaintiff National Steel Car Limited's Answer to Defendant The Greenbrier Leasing Company, LLC's and Greenbrier-Concarril LLC's Declaratory Judgment Counterclaims to First Amended Complaint on:

| | |
|---|---|
| Audra C. Eidem Heinze | Nathan C. Brunette |
| aheinze@bannerwitcoff.com | nathan.brunette@stoel.com |
| Brian T. Apel | Steven T. Lovett |
| bapel@bannerwitcoff.com | steve.lovett@stoel.com |
| J. Pieter van Es | STOEL RIVES LLP |
| pvanes@bannerwitcoff.com | 760 SW Ninth Ave, Ste 3000 |
| Marc S. Cooperman | Portland, OR 97205 |
| mcooperman@bannerwitcoff.com | |
| BANNER & WITCOFF, LTD. | |
| 71 S Wacker Dr, Ste 3600 | |
| Chicago, IL 60606 | |

*Attorneys for Greenbrier Defendants*

by the following indicated methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **Email.** As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were emailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☒ **Email (courtesy copy).**

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED: July 30, 2021.

*/s/ John C. Clarke*
John C. Clarke, OSB No. 153245
*Of Attorneys for Plaintiff*

Page 1 -   Certificate of Service

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

4843-2862-4884.2