UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NATIONAL STEEL CAR LIMITED,

        Plaintiff,

        v.

GREENBRIER-CONCARRIL, LLC,
GREENBRIER LEASING COMPANY, LLC,
and GREENBRIER-GIMSA, LLC

        Defendants.

Case No. 3:20-cv-01275-YY

ORDER

From the briefing and the hearing on the parties' cross-motions for summary judgment, it became apparent that the parties dispute the meaning of parts of the court's claim construction order regarding the claim terms "deck" and "floor panel" (terms which the parties have agreed should be given the same construction for the patents-in-suit). *See* Defs. Mot. Summ. J. 22–27, ECF 181; Pl. Resp.  2–7, ECF 203; Opinion & Order (July 9, 2021) 13, ECF 127. The court initially construed the terms "deck" and "floor panel" to mean a "floor sheet, or floor sheets joined together, that may have one or more integral floor extensions." Opinion & Order (July 9, 2021) 13–16, ECF 127. After plaintiff moved for clarification, ECF 130, and defendants moved for reconsideration, ECF 132, the court issued a final claim construction order that stated as follows: "A 'deck' or 'floor panel' can be one sheet, or a plurality of sheets joined together, and

1 – ORDER

may also include one or more extensions, which may be integral, or which can be separate."
Opinion & Order (Nov. 19, 2021) 5, ECF 151.

The parties now seem to disagree about the meaning of the terms "extensions" and/or "separate" in the court's claim construction order and how those terms should be applied to defendants' Accused Cars. *See* Defs. Mot. Summ. J. 23, ECF 181; Pl. Resp. 7–8, ECF 203. As an initial matter, plaintiff argues that the court's claim construction order conclusively established the meaning of the terms "extensions" and "separate," *see* Pl. Resp. 3–7, ECF 203; however, that is not correct. Thus, the parties are ordered to submit supplemental briefing addressing whether it is necessary for the court to construe the terms "extensions" and "separate" and, if so, what the process should be for doing so. *Compare Level Sleep LLC v. Sleep No. Corp.*, No. 2020-1718, 2021 WL 2934816, at *3 (Fed. Cir. July 13, 2021) (rejecting "assertion that the district court erred by changing its claim construction sua sponte in the summary judgment order" because "district courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves") (internal quotation marks omitted) *and Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1334 (Fed. Cir. 2009) (affirming that district court was "correct to look to the specification to clarify its initial construction" after parties at summary judgment disputed the meaning of "malleable" as used in court's claim construction order) *with Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs., Inc.*, 674 F.3d 1365, 1373 (Fed. Cir. 2012) ("[I]n those cases in which the correct construction of a claim term necessitates a derivative construction of a non-claim term, a court may perform the derivative construction in order to elucidate the claim's meaning.") *and VetStem BioPharma, Inc. v. California Stem Cell Treatment Ctr., Inc.*, No. 2:19-CV-04728-AB-

2 – ORDER

FFM, 2021 WL 6104866, at *3 (C.D. Cal. Sept. 15, 2021) (ordering parties to submit additional

briefing to clarify claim construction before resolving plaintiff's motion for summary judgment).

The parties' briefing should address what effect, if any, a new order construing those

terms would have on the case as a whole, including, for example, whether additional discovery

would be necessary as a result of any new construction for those terms. *Compare Responsive*

*Innovations, LLC v. Holtzbrinck Publishers, LLC*, 911 F. Supp. 2d 526, 535 (N.D. Ohio 2012)

(allowing discovery before resolving claim construction dispute that arose during summary

judgment) *with Network Com., Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363–64 (Fed. Cir. 2005)

(denying request for additional discovery because "[t]here is no requirement that the district

court construe the claims at any particular time, and thus the parties are under an obligation to

conduct discovery without the benefit of the district court's construction.").

The parties shall submit this supplemental briefing simultaneously by May 31, 2023, and

simultaneous responses by June 14, 2023. Because a hearing will be held, no replies are

permitted. The briefing is limited to 15 pages per filing. The parties may jointly request

reasonable extensions if necessary.

Once the supplemental briefing is complete, the court will promptly schedule and hold a

hearing that will address the parties' arguments in the supplemental briefing, as well as the

outstanding issues in the parties' cross-motions for summary judgment related to the merits. The

outstanding merits issues include those related to plaintiff's P-307 gondola, plaintiff's motion for

summary judgment regarding "inequitable conduct," and defendants' *Daubert* motion regarding

Ronald Sellberg's opinions on the mitered theory, invalidity, alleged copying, the Brandenburg

gondola, and testimony regarding whether plaintiff's cars were "patented." Because there are

several arguments related to the merits that could significantly alter the scope of the case and the

3 – ORDER

claims at issue, the court is reserving any hearing on damages issues raised by the parties'

various motions, including plaintiff's lost profits related to the '125 patent, whether plaintiff is

entitled to summary judgment on "marking," plaintiff's *Daubert* motion regarding Ambreen

Salters, defendants' *Daubert* motion regarding Carrie Distler, and defendants' *Daubert* motion

on Sellberg's opinions regarding "non-infringing alternatives."

IT IS SO ORDERED.

DATED May 15, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge