Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Marc S. Cooperman (*Pro Hac Vice*)
mcooperman@bannerwitcoff.com
J. Pieter van Es (*Pro Hac Vice*)
pvanes@bannerwitcoff.com
Janice V. Mitrius (*Pro Hac Vice*)
jmitrius@bannerwitcoff.com
Brian Apel (*Pro Hac Vice*)
bapel@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation,<br>Plaintiff,<br><br>v.<br><br>GREENBRIER-CONCARRIL, LLC, GREENBRIER LEASING COMPANY, LLC, and GREENBRIER-GIMSA, LLC,<br>Defendants. | Case No. 3:20-cv-01275-YY<br><br>DEFENDANTS' OPENING SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT'S MAY 15, 2023 ORDER |

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. The Court need not further construe "*extensions*" or "*separate*" because there is not a material dispute about those terms ........ 2

1. NSC chose, at every turn, not to argue and not to present evidence that the side post gussets of the Accused Cars are allegedly extensions of the "*floor panel*" ........ 2

2. Because NSC has chosen not to proffer evidence that the side post gussets of the Accused Cars are extensions of the floor *panel*, any dispute over the meaning of "extensions" is immaterial to Greenbrier's motion for summary judgment ........ 6

3. The Court need not further construe "separate" ........ 8

B. Any further claim construction by the Court regarding "floor panel" should be based on the current summary-judgment record ........ 9

1. There is no need or justification for additional claim-construction discovery ........ 9

2. No further claim-construction briefing is warranted ........ 10

C. The effect of any future claim-construction order by the Court cannot be determined until the Court issues such order ........ 12

III. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

## Cases

*Bayer CropScience AG v. Dow AgroSciences LLC*,
728 F.3d 1324 (Fed. Cir. 2013) ........................................ 6, 7, 8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)........................................ 8

*Collabo Innovations, Inc. v. Sony Corp.*,
802 F. App'x 568 (Fed. Cir. 2020) ........................................ 12

*Daniels v. ComUnity Lending, Inc.*,
No. 13-CV-488, 2015 WL 2338713 (S.D. Cal. May 12, 2015), *aff'd*, 621 F. App'x 427 (9th Cir. 2015)........................................ 11

*Evertz Microsystems Ltd. v. Lawo Inc.*,
No. 19-CV-302 (D. Del. Dec. 6, 2021)........................................ 13

*Exigent Tech., Inc. v. Atrana Sols., Inc.*,
442 F.3d 1301 (Fed. Cir. 2006) ........................................ 7, 8

*Fitzhugh v. Miller*,
No. 19-CV-4632, 2020 WL 1640495 (D. Ariz. Apr. 2, 2020) ........................................ 11

*GPNE Corp. v. Apple Inc.*,
830 F.3d 1365 (Fed. Cir. 2016) ........................................ 6

*Great Am. Ins. Co. v. Berl*,
No. 17-CV-3767, 2017 WL 8180627 (C.D. Cal. Oct. 23, 2017)........................................ 11

*Greenlaw v. United States*,
554 U.S. 237 (2008)........................................ 11

*Ingram v. Mouser*,
No. 19-CV-308, 2023 WL 1822293 (D. Idaho Feb. 8, 2023) ........................................ 11

*Kamali v. Stevens*,
No. 19-CV-1432, 2022 WL 2119024 (E.D. Cal. June 13, 2022) ........................................ 11

*Lightforce USA, Inc. v. Leupold & Stevens, Inc.*,
No. 17-CV-1153, 2020 WL 5733173 (D. Or. Sept. 24, 2020) ........................................ 4

*Microstrategy Inc. v. Bus. Objects Ams.*,
410 F. Supp. 2d 348 (D. Del. 2006), *aff'd*, 238 F. App'x 605 (Fed. Cir. 2007)................. 6, 7, 8

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ........................................ 9

*Reiffin v. Microsoft Corp.*,
270 F. Supp. 2d 1132 (N.D. Cal. 2003) ........................................ 10

*Stern v. SeQual Techs., Inc.*,
840 F. Supp. 2d 1260 (W.D. Wash. 2012), *aff'd*, 493 F. App'x 99 (Fed. Cir. 2012)................. 9

*Sun Microsystems, Inc. v. Network Appliance, Inc.*,
690 F. Supp. 2d 1027 (N.D. Cal. 2010) ..................................................................... 11, 12

*Teva Pharms. USA, Inc. v. Sandoz, Inc.*,
574 U.S. 318 (2015)........................................................................................................ 9

*United States v. Kitsap Physicians Serv.*,
314 F.3d 995 (9th Cir. 2002) ........................................................................................ 9

*Vardon Golf Co. v. Karsten Mfg. Corp.*,
No. 99-CV-2785, 2000 WL 1304999 (N.D. Ill. Sept. 13, 2000) ....................................... 6, 7, 8

*VetStem BioPharma, Inc. v. Cal. Stem Cell Treatment Ctr., Inc.*,
No. 19-CV-4728, 2022 WL 1601387 (C.D. Cal. Mar. 17, 2022)............................................ 12

*VetStem BioPharma, Inc. v. California Stem Cell Treatment Center, Inc.*,
No. 19-CV-4728, 2021 WL 6104866 (C.D. Cal. Sept. 15, 2021) .......................................... 12

*Vivid Techs., Inc. v. Am. Sci. & Eng'g., Inc.*,
200 F.3d 795 (Fed. Cir. 1999) ........................................................................................ 6

**Rules**

Fed. R. Civ. P. 1 ........................................................................................................ 11

Fed. R. Civ. P. 16(b)(4)................................................................................................ 10

Fed. R. Civ. P. 56(d) ................................................................................................ 9, 10

## I. INTRODUCTION

In connection with Greenbrier's motion for summary judgment of non-infringement of all claims, *see* ECF No. 181 at 15–46, the Court ordered the parties to submit supplemental briefing on (i) "whether it is necessary for the court to construe the terms 'extensions' and 'separate'" in the Court's construction of "floor panel"; (ii) "if so, what the process should be for doing so"; and (iii) "what effect, if any, a new order construing those terms would have on the case as a whole, including, for example, whether additional discovery would be necessary as a result of any new construction for those terms," ECF No. 228 at 2–3.

No further construction of "extensions" or "separate" is necessary. These words appear in the Court's construction of the claim term "floor ***panel***," but NSC has chosen not to present any evidence or argument that the Accused Cars have floor ***panel*** extensions—irrespective of what "extensions" means. Thus, no further claim construction is required to decide Greenbrier's motion for summary judgment of non-infringement of all claims—which the Court should grant, and enter final judgment for Greenbrier.

If, however, the Court decides that further claim construction is necessary, the Court should clarify and/or refine its construction of "floor panel" based on the current summary-judgment record, which was the result of extensive briefing and hours of oral argument.

The effect of any new claim-construction order cannot be determined until the Court issues such an order. But if the Court's new claim-construction order adopts Greenbrier's positions, the Court should grant Greenbrier's motion for summary judgment of non-infringement of all claims and enter final judgment for Greenbrier. Otherwise, the Court's new claim-construction order should include an order requiring the parties to submit a joint status report outlining their respective positions on the effect of any such new claim-construction order.

## II. ARGUMENT

### A. The Court need not further construe "*extensions*" or "*separate*" because there is not a material dispute about those terms

Based on NSC's litigation approach, there is no material dispute concerning the meaning of "extensions" and "separate" for the Court to address. That is because, throughout this case, NSC has deliberately chosen never to argue, or present evidence concerning, whether the side post gussets of the Accused Cars are extensions of the claimed "floor ***panel***." But that is the relevant question raised by Greenbrier's summary-judgment motion because that is the claim language: "floor panel." Instead, NSC decided to argue only that the side post gussets (i) are allegedly extensions of the "floor," which is a different claim term not at issue in this portion of Greenbrier's motion; or (ii) are allegedly extensions of the "overall floor," which is not a claim term at all. In other words, NSC has consciously chosen never to address (in argument or with evidence) whether the side post gussets are extensions of the claimed "floor panels," ***under any construction***.

Because the only relevant argument and material evidence in the record is that the side post gussets in Greenbrier's Accused Cars are not, and cannot be found to be, extensions of the "floor ***panel***," and because this argument and evidence is unrebutted by NSC, no further claim construction is necessary. Thus, the Court should grant summary judgment that Greenbrier does not infringe any claims, and enter final judgment for Greenbrier.

#### 1. NSC chose, at every turn, not to argue and not to present evidence that the side post gussets of the Accused Cars are allegedly extensions of the "*floor* ***panel***"

This briefing arises in the context of Greenbrier moving for summary judgment of non-infringement of all claims. ECF No. 181 at 15–27. Greenbrier's present argument is that the Accused Cars do not satisfy the claim requirement that the side wall web contact the "floor panel."

*Id.* at 16–17. The only component of the Accused Cars that NSC contends is the alleged "floor panel" that contacts the side wall web is the side post gusset, which is on the outside of the Accused Cars. *Id.* at 17–21.[1] Greenbrier explained in its opening summary-judgment brief that, although a "floor panel" can include one or more floor panel "extensions," because the Accused Cars have a gap between the side post gussets and the floor sheets, the side post gussets cannot be "extensions" of the floor panel because they do not ***extend from*** (*i.e.*, contact) the floor sheets—and because the plain and ordinary meaning of "extension" requires that the extension extend from (and thus contact) the object being extended. *Id.* at 22–25. This issue is case dispositive. *Id.* at 15, 17–19, 27.

The position Greenbrier takes in its summary-judgment motion (*i.e.*, that the side post gussets cannot be floor panel extensions because they do not contact the floor sheets) is the same position Greenbrier had been taking throughout the entire case. *See, e.g.*, Apel Ex. 89,[2] at Ex. A at 6 (February 11, 2022 interrogatory response, months before fact discovery closed, explaining that "the side post gusset [of the Accused Cars] ***does not contact*** the floor panel … It is thus ***not an extension of*** the floor panel (*i.e.*, it is not a floor panel extension) or otherwise part of the floor panel." (emphases added)); *id.*, at Ex. B at 2, 40; Ex. C at 6; Ex. D at 2, 34; Ex. E at 7; Ex. F at 2, 35; Ex. G at 7; Ex. H at 2, 28–29; *see also id.*, at Ex. B at 4; Ex. C at 10; Ex. D at 3; Ex. E at 12; Ex. F at 4; Ex. G at 10; Ex. H at 4; Apel Ex. 9 (ECF No. 187-17) ¶ 155 (Greenbrier's technical expert's August 2022 rebuttal report, stating that a "in order for a component to be an '***extension***'

[1] Although NSC ***alleges*** that the side post gussets of the Accused Cars are somehow part of the claimed "floor panel," NSC never explains how. And the only ***evidence*** NSC presents is that the side post gussets are extensions of the "floor" or "overall floor," both of which are different from the claimed "floor panel." *See infra* at pp. 3–5.

[2] Citation to Apel Ex. 89 is to the Declaration of Brian Apel, submitted herewith.

of the floor panel, a PHOSITA would understand it ***must touch*** the remainder of the floor panel" (emphases added)).

NSC failed to respond to Greenbrier's position, and NSC's failure was a deliberate decision by NSC. For example, in its summary-judgment opposition, NSC ***never argued*** that the side post gussets of the Accused Cars are allegedly floor panel extensions, notwithstanding the gap between them and the floor sheets. And NSC ***never cited any evidence*** that the side post gussets are allegedly extensions of the floor panel, despite the side post gussets not contacting the floor sheets.

NSC had multiple opportunities over the past three years to argue, and to obtain evidence, that the side post gussets of the Accused Cars are allegedly floor panel extensions. But NSC didn't. During fact discovery, NSC could have supplemented its infringement contentions in response to Greenbrier's February 11, 2022 supplemental interrogatory responses. But NSC didn't. *See Lightforce USA, Inc. v. Leupold & Stevens, Inc.*, No. 17-CV-1153, 2020 WL 5733173, at *7 (D. Or. Sept. 24, 2020) (granting summary judgment of non-infringement and holding that the plaintiff "lack[ed] good cause to … change, for the first time … on summary judgment" positions taken in its infringement contentions). Or NSC could have had its expert include additional and/or alternative infringement opinions in his opening report. But NSC didn't. And NSC could have sought leave to serve a supplemental expert report after Greenbrier served its expert's rebuttal report (although Greenbrier likely would have moved to exclude that). But again, NSC didn't.

Instead, in opposing summary judgement, NSC first made seven pages of procedural attacks, ECF No. 203 at 1–7, which the Court has now rejected, ECF No. 228 at 2. Then, when NSC purported to engage on the merits, NSC purposefully chose to sidestep the real "floor panel" issue—by instead discussing the "floor" (which is a different claim term), and by discussing what NSC now calls "the overall floor," a completely new phrase NSC made up at summary judgment.

ECF No. 203 at 7–9; ECF No. 213 at 2–3. Tellingly, NSC's summary-judgment opposition never used the phrase "floor ***panel*** extension" or "extension of the floor ***panel***" or the like. *See* ECF No. 203; ECF No. 213 at 3 n.3.

These flaws in NSC's chosen position sealed NSC's fate. Greenbrier explained, in its summary-judgment reply, how NSC failed to raise a genuine dispute of material fact as to whether the side post gussets of the Accused Cars are extensions of the floor ***panel***. ECF No. 213 at 2–4, 9–10.

At the April 25 oral argument, NSC, again, consciously chose to avoid the real issue. There, Greenbrier again explained how its non-infringement argument concerns the "floor ***panel***" claim limitation, and how NSC failed to present any evidence that the side post gussets are extensions of the floor ***panel***. Apr. 25, 2023 Hr'g Tr. at 14:9–22, 18:5–21:13. But, like its written submissions, none of NSC's slides for the April 25 oral argument used the phrase "floor panel extension" or "extension of the floor panel" or the like. And even when the Court expressly asked NSC's counsel "to respond to Greenbrier's argument that … this is – must be an extension of the floor panel versus … an overall floor," *id.* at 22:3–7, counsel for NSC never tried to explain how or why the side post gussets of the Accused Cars are allegedly extensions of the "floor ***panel***," *see id.* at 23:12–33:23. Instead, NSC's counsel repeatedly (and irrelevantly) referred to the side post gussets of the Accused Cars as "floor extensions," not "floor ***panel*** extensions." *Id.* at 24:5, 24:13, 25:6, 25:12, 25:19–20, 25:22–23, 26:7, 26:10, 26:15–16, 26:19–20, 27:23, 28:25, 33:13, 41:2.

In short, NSC has purposefully chosen, at every turn, not to argue, and not to present evidence, that the side post gussets of the Accused Cars are extensions of the "floor ***panel***"—which is the relevant limitation raised by Greenbrier's summary-judgment motion.

**2. Because NSC has chosen not to proffer evidence that the side post gussets of the Accused Cars are extensions of the floor _panel_, any dispute over the meaning of "extensions" is immaterial to Greenbrier's motion for summary judgment**

Federal Circuit law is clear that claim construction need only be done for claim terms "in controversy," and that claim terms "need be construed … only to the extent necessary to resolve the controversy." *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1372 (Fed. Cir. 2016) (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g., Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999)). Thus, at the summary-judgment stage, a district court need decide only those claim-construction issues that are necessary to resolve the pending summary-judgment motions. *See, e.g.*, *Microstrategy Inc. v. Bus. Objects Ams.*, 410 F. Supp. 2d 348, 350–61, 355 (D. Del. 2006), *aff'd*, 238 F. App'x 605 (Fed. Cir. 2007) (granting summary judgment of non-infringement) ("I will only discuss the two claim construction issues that are necessary to decide the pending summary judgment motions.").

Where the summary-judgment issue is non-infringement, the Court need not rule on every disputed term because the absence of a single claim term results in non-infringement. *See, e.g.*, *Vardon Golf Co. v. Karsten Mfg. Corp.*, No. 99-CV-2785, 2000 WL 1304999, at *8 (N.D. Ill. Sept. 13, 2000) (granting summary judgment of non-infringement based on the absence of a single limitation from the accused product) ("Since the absence of a single element from the [accused product] disposes of [defendant's] motion, the Court does not construe or rely upon each and every element raised and discussed in the parties' brief.").

Consistently, the Federal Circuit "limit[s] its claim construction analysis … no further than [is] required to affirm or otherwise rule on the judgment appealed." *Bayer CropScience AG v. Dow AgroSciences LLC*, 728 F.3d 1324, 1331 (Fed. Cir. 2013) (declining to affirmatively construe claims because simply rejecting the patentee's proposed construction was sufficient to affirm

summary judgment of non-infringement); *see also Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1306–07 (Fed. Cir. 2006) (affirming summary judgment of non-infringement based on one limitation and "not reach[ing] the correctness of the district court's claim construction in other respects").

Applying the correct framework here, the Court need only clarify or refine its construction for the claim term "floor panel" *vis-à-vis* the word "extensions" if necessary to decide a material dispute raised by Greenbrier's pending motion for summary judgment. *See Microstrategy Inc.*, 410 F. Supp. 2d at 355; *Vardon Golf Co.*, 2000 WL 1304999, at *8; *Bayer CropScience AG*, 728 F.3d at 1331; *Exigent Tech., Inc.*, 442 F.3d at 1306–07. But, as explained above, there is no ***material*** dispute concerning the meaning of "extension" as used in the Court's construction of "floor ***panel.***"

Stated differently, irrespective of the meaning of the word "extensions," ***such extensions must be extensions of the claimed "floor <u>panel</u>.***" But NSC has chosen to present no evidence or argument that the Accused Cars include floor ***<u>panel</u>*** extensions, under ***<u>any</u>*** meaning of "extensions."

In its opening summary-judgment brief, Greenbrier proffered evidence and arguments as to the meaning of floor panel "extensions," and why Greenbrier's Accused Cars lacked them. NSC chose not to dispute Greenbrier's arguments on the merits. And although NSC stated at the April 25 oral argument that it supposedly disagreed with Greenbrier's position as to the meaning of "extensions," Apr. 25, 2023 Hr'g Tr. at 40:17–41:3, no interpretation of "extensions" can change

the fact that NSC has proffered no evidence that the Accused Cars allegedly include floor ***panel*** extensions.[3]

Accordingly, further construction of "extensions" is unnecessary and immaterial to Greenbrier's motion for summary judgment of non-infringement. *See Microstrategy Inc.*, 410 F. Supp. 2d at 355; *Vardon Golf Co.*, 2000 WL 1304999, at *8; *Bayer CropScience AG*, 728 F.3d at 1331; *Exigent Tech., Inc.*, 442 F.3d at 1306–07. As a result, because Greenbrier has come forward with evidence that it does not infringe because the side post gussets are not floor ***panel*** extensions, and because Greenbrier has "point[ed] out" that "there is an absence of evidence" from NSC to prove otherwise, the Court must grant summary judgment in favor of Greenbrier. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**3. The Court need not further construe "separate"**

The word "separate" appears in the Court's construction of the claim term "floor panel," and describes one type of floor panel extension—one that is manufactured as a separate component from the remainder of the floor panel, as opposed to being manufactured integrally with the floor panel. ECF No. 181 at 25; ECF No. 213 at 4–5, 4 n.4. As explained above, based on the positions NSC has chosen to take, further construction of "extensions" is unnecessary. Thus, because it is immaterial for purposes of Greenbrier's summary-judgment motion what "extensions" means, it is likewise unnecessary to further construe "separate." What it means for a floor panel extension

[3] Although counsel for NSC stated at the April 25 oral argument that NSC disagreed with Greenbrier's position that an "extension" must ***extend from*** (*i.e.*, contact) the object being extended, Apr. 25, 2023 Hr'g Tr. at 40:17–41:3, NSC's summary-judgment opposition reflects otherwise. NSC argued that the side post gussets extend from and contact other components of the alleged "floor." ECF No. 203 at 7–9. Thus, NSC appears to agree that an "extension" must extend from and contact the object being extended. *See id.* But as explained above, NSC's arguments are misdirected to the "floor," or what NSC now calls the "overall floor," rather than the "floor ***panel***," which is the relevant limitation at issue in Greenbrier's motion for summary judgment.

to be "separate" is immaterial because ***any such "separate" floor panel extension must still be an extension of the floor panel***. And, as explained above, NSC has chosen not to proffer any evidence that the Accused Cars include floor ***panel*** extensions.

Because any dispute concerning the terms is immaterial, the Court should decline to further construe "extensions" and/or "separate." Instead, the Court should grant Greenbrier's motion for summary judgment of non-infringement of all claims and enter final judgment for Greenbrier.

**B. Any further claim construction by the Court regarding "floor panel" should be based on the current summary-judgment record**

If the Court decides to refine and/or clarify its construction of "floor panel" by addressing the meaning of "extensions" and/or "separate" from its original construction, the Court can and should do so on the current summary-judgment record, without additional discovery, and without additional briefing.

**1. There is no need or justification for additional claim-construction discovery**

First, no further discovery is necessary because claim construction is a legal issue, determined by the Court, based on intrinsic and extrinsic evidence. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331–33 (2015) ("Th[e] ultimate interpretation is a legal conclusion."); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313–14 (Fed. Cir. 2005) (en banc). NSC cannot point to, and has not pointed to, any additional discovery necessary to inform any further claim construction by the Court. Nor has NSC timely sought discovery under Rule 56(d)—which NSC must have done before the summary-judgment hearing, *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)—meaning NSC has forfeited its right to seek discovery in connection with opposing Greenbrier's motion for summary judgment. *See Stern v. SeQual Techs., Inc.*, 840 F. Supp. 2d 1260, 1273–75 (W.D. Wash. 2012), *aff'd*, 493 F. App'x 99 (Fed. Cir. 2012) (construing

claim term, declining patentee's request for additional discovery for failure to comply with Rule 56(d), and granting summary judgment of non-infringement); *Reiffin v. Microsoft Corp.*, 270 F. Supp. 2d 1132, 1146–47 (N.D. Cal. 2003) (denying discovery "[b]ecause plaintiff has failed properly to comply with the requirements of" Rule 56(d)'s predecessor, Rule 56(f), and "because the information on which plaintiff seeks discovery is not relevant to the [summary-judgment] issue").

Second, there is no justification for additional discovery. The parties have already engaged in lengthy discovery. Fact discovery was over a year long—opening March 16, 2021, ECF No. 89, and closing April 22, 2022, ECF No. 155.[4] And expert discovery was almost six months long, from April to October 2022. ECF Nos. 155, 177. There is no need for more discovery.

And as explained above, Greenbrier has been open, clear, and consistent throughout this case—including during fact discovery—concerning its position that the side post gussets are not floor panel extensions because they do not contact the floor sheets. *See supra* at pp. 3–4 (citing Apel Ex. 89 and Apel Ex. 9). The parties have taken extensive fact and expert discovery, with opportunities to address exactly this issue, meaning there is not good cause to reopen discovery for this issue. *See* Fed. R. Civ. P. 16(b)(4).

**2. No further claim-construction briefing is warranted**

If the Court decides to refine and/or clarify its construction of "floor panel," no further briefing is justified.

Although courts have discretion to receive additional briefing on motions and issues, "this discretion is not 'broad,'" and additional briefing should be allowed "only when a valid reason for

[4] The parties agreed to complete the two final fact depositions in May 2022. ECF Nos. 162–163.

additional briefing exists." *Great Am. Ins. Co. v. Berl*, No. 17-CV-3767, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017); *see also Kamali v. Stevens*, No. 19-CV-1432, 2022 WL 2119024, at *3 (E.D. Cal. June 13, 2022); *Daniels v. ComUnity Lending, Inc.*, No. 13-CV-488, 2015 WL 2338713, at *5 (S.D. Cal. May 12, 2015), *aff'd*, 621 F. App'x 427 (9th Cir. 2015); *Fitzhugh v. Miller*, No. 19-CV-4632, 2020 WL 1640495, at *9 (D. Ariz. Apr. 2, 2020); *Ingram v. Mouser*, No. 19-CV-308, 2023 WL 1822293, at *1 (D. Idaho Feb. 8, 2023). The rationale is that "as a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (cleaned up).

Here, there is no valid reason for the Court to receive additional briefing. The parties have had more than a full opportunity to brief and argue their positions. The Court granted the parties multiple increases to the page/word limits for their summary-judgment briefs. ECF Nos. 178–179, 199–200, 211–212. And the parties used their allotted pages to make the arguments they believed most meritorious regarding the Court's construction of "floor panel," including with respect to the words "extensions" and "separate" in the Court's construction of "floor panel." ECF No. 181 at 16–27; ECF No. 203 at 1–9; ECF No. 213 at 1–10. Then, the Court allotted six hours over multiple days for oral argument, and allowed the parties to present demonstratives in support of their arguments. NSC cannot legitimately complain that it hasn't been given an opportunity to be heard on these issues.

Deciding any claim-construction issues based on the current record promotes the "just, speedy, and inexpensive" resolution of this action, Fed. R. Civ. P. 1, and the Court should do just that. *See Sun Microsystems, Inc. v. Network Appliance, Inc.*, 690 F. Supp. 2d 1027, 1036 (N.D. Cal. 2010) (construing previously unconstrued claims, granting summary judgment of non-

infringement, and declining further briefing) ("Both parties have provided the Court with argument … [T]he Court has sufficient information before it to construe the terms in question. Additionally, the Motion [for summary judgment of non-infringement] has been fully briefed on the merits. Therefore, it would not serve judicial efficiency to decline to rule on the Motion at this time."); *Collabo Innovations, Inc. v. Sony Corp.*, 802 F. App'x 568, 571 (Fed. Cir. 2020) (holding no abuse of discretion in denying additional briefing on claim-construction issue when the complaining party had "ample opportunity to argue for alternative construction").

In *VetStem BioPharma, Inc. v. California Stem Cell Treatment Center, Inc.*, No. 19-CV-4728, 2021 WL 6104866 (C.D. Cal. Sept. 15, 2021), the plaintiff (not the defendant) filed an early motion for summary judgment of infringement (not of non-infringement), months before fact discovery was set to close. *See VetStem BioPharma, Inc. v. Cal. Stem Cell Treatment Ctr., Inc.*, No. 19-CV-4728, 2022 WL 1601387, at *4 (C.D. Cal. Mar. 17, 2022). Without oral argument, the court in *VetStem* ordered supplemental briefing on a "discrete, unresolved claim construction issue." *VetStem*, 2021 WL 6104866 at *1, *3.

Here, however, discovery has been complete for months, Greenbrier's motion for summary judgment was not filed early, and the parties have submitted extensive written briefs and made oral argument with aid of demonstratives on the relevant issues. Thus, the Court should decide Greenbrier's motion for summary judgment on the current record, without additional discovery, and without additional briefing or argument. *See Sun Microsystems, Inc.*, 690 F. Supp. 2d at 1036.

### C. The effect of any future claim-construction order by the Court cannot be determined until the Court issues such order

The Court also ordered the parties to "address what effect, if any, a new order construing those terms would have on the case as a whole, including, for example, whether additional

discovery would be necessary as a result of any new construction for those terms." ECF No. 228 at 3.

Respectfully, Greenbrier cannot determine at this time what effect, if any, a new claim-construction order would have on this action until the Court issues such an order. And, respectfully, the Court need not try to predict any such effects at this time. For example, if the Court issues a new, updated, or refined claim-construction order, the Court can simultaneously order the parties to submit a joint status report explaining their positions on the effect of a new claim-construction order. *See, e.g.*, Order, *Evertz Microsystems Ltd. v. Lawo Inc.*, No. 19-CV-302 (D. Del. Dec. 6, 2021), ECF No. 422 at 6 (construing terms in connection with summary judgment and ordering the parties to "meet and confer and submit a joint status report that explains the impact (if any) of the foregoing claim constructions on the issues raised in the various pending summary judgment and *Daubert* motions"). While the impact of revising claim construction on the remainder of the case cannot presently be determined, it is possible that any further construction will require additional fact and/or expert discovery of an unknown scope. This is because the meaning of the patent claims impacts virtually all of the issues in the case—including infringement, invalidity, and damages.

However, if the Court adopts Greenbrier's positions as to the meaning of "extensions" and "separate," *see* ECF No. 181 at 22–25; ECF No. 213 at 4–6, then the Court should grant Greenbrier summary judgment of non-infringement of all claims and enter final judgment for Greenbrier. Greenbrier explained how this non-infringement argument is case dispositive, and NSC never disagreed. ECF No. 181 at 15, 17–19, 27; ECF No. 213 at 1.

## III. CONCLUSION

The Court need not further construe "floor panel," or the words "extensions" or "separate," which appear in the Court's construction of "floor panel" because there is no material dispute concerning whether the side post gussets in Greenbrier's Accused Cars are extensions of the floor ***panel***. Any further claim-construction by the Court regarding the "floor panel" limitation should be based on the extensive, already-existing, summary-judgment record. If the Court adopts Greenbrier's positions as to the meaning of "extensions" and "separate," then the Court should grant Greenbrier summary judgment of non-infringement of all claims and enter final judgment for Greenbrier. Otherwise, the Court's new claim-construction order should include an order requiring the parties to submit a joint status report explaining their views on the effect of any new claim-construction order.

Dated: May 31, 2023.

By: */s/ Steven T. Lovett*
Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Marc S. Cooperman (*Pro Hac Vice*)
mcooperman@bannerwitcoff.com
J. Pieter van Es (*Pro Hac Vice*)
pvanes@bannerwitcoff.com
Janice V. Mitrius (*Pro Hac Vice*)
jmitrius@bannerwitcoff.com
Brian Apel (*Pro Hac Vice*)
bapel@bannerwitcoff.com

BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

*Attorneys for Defendants*