Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Marc S. Cooperman (*Pro Hac Vice*)
mcooperman@bannerwitcoff.com
J. Pieter van Es (*Pro Hac Vice*)
pvanes@bannerwitcoff.com
Janice V. Mitrius (*Pro Hac Vice*)
jmitrius@bannerwitcoff.com
Brian Apel (*Pro Hac Vice*)
bapel@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation, Plaintiff, v. GREENBRIER-CONCARRIL, LLC, GREENBRIER LEASING COMPANY, LLC, and GREENBRIER-GIMSA, LLC, Defendants. | Case No. 3:20-cv-01275-YY DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT'S MAY 15, 2023 ORDER |

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE
COURT'S MAY 15, 2023 ORDER

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................... 1

II.    ARGUMENT .................................................................................................. 2

    A.    NSC violated the Court's May 15 order ................................................ 2

    B.    NSC's merits-based arguments reinforce that further claim construction is unnecessary ............................................................................................. 4

    C.    The Court should reject NSC's argument about the meaning of "separate" .......... 6

    D.    The Court should reject NSC's requests for additional expert discovery, including any new theory of infringement under the doctrine of equivalents ....... 7

III.   CONCLUSION............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*CAO Lighting, Inc. v. Feit Elec. Co.*,
 No. 20-CV-4926, 2021 WL 3376649 (C.D. Cal. June 2, 2021) ................................................. 9

*Dynetix Design Sols. Inc. v. Synopsys Inc.*,
 No. 11-CV-5973, 2013 WL 2053890 (N.D. Cal. May 14, 2013) ............................................... 7

*Farmasino, Inc. v. Farmasino Pharms. (Jiangsu) Co.*,
 No. 15-CV-1877, 2016 WL 7655740 (C.D. Cal. June 20, 2016) ............................................... 7

*Lightforce USA, Inc. v. Leupold & Stevens, Inc.*,
 No. 17-CV-1153, 2020 WL 5733173 (D. Or. Sept. 24, 2020) ................................................. 8

*Maciel v. Cate*,
 731 F.3d 928 (9th Cir. 2013) ................................................................................................... 3

*Mikkelsen Graphic Engineering, Inc. v. Zund America, Inc.*,
 541 F. App'x 964 (Fed. Cir. 2013) ......................................................................................... 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
 467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................. 10

*Realtime Data, LLC v. Morgan Stanley*,
 554 F. App'x 923 (Fed. Cir. 2014) ........................................................................................... 9

*Responsive Innovations, LLC v. Holtzbrinck Publishers, LLC*,
 911 F. Supp. 2d 526 (N.D. Ohio 2012) ................................................................................. 10

*Smart Wearable Techs., Inc. v. Fitbit Inc.*,
 No. 17-CV-5068, 2018 WL 659013 (N.D. Cal. Feb. 1, 2018) ................................................. 9

*Speedtrack, Inc. v. Endeca Techs., Inc.*,
 524 F. App'x 651 (Fed. Cir. 2013) ....................................................................................... 8, 9

*Stern v. SeQual Techs., Inc.*,
 840 F. Supp. 2d 1260 (W.D. Wash. 2012), *aff'd*, 493 F. App'x 99 (Fed. Cir. 2012) .............. 11

*United States v. Kitsap Physicians Serv.*,
 314 F.3d 995 (9th Cir. 2002) ................................................................................................... 7

*Whitsitt v. Indus. Employer Distributor Ass'n*,
 No. 13-CV-396, 2014 WL 6790028 (N.D. Cal. Dec. 2, 2014) ................................................. 3

**Rules**

Fed. R. Civ. P. 1 .................................................................................................................. 10

Fed. R. Civ. P. 56(d) .................................................................................................... 7, 8, 11

## I.    INTRODUCTION

NSC's May 31 Brief jumps the gun. NSC disregards the Court's May 15 Order asking for briefing on **whether** additional claim construction is necessary, and instead presents new and belated claim construction and infringement arguments **on the merits**. And, in the process of arguing its case, NSC wholly fails to address the specific questions on which the Court requested supplemental briefing.

Despite NSC's wrong-headed approach to its May 31 brief, NSC's arguments reinforce Greenbrier's position that no further claim construction is necessary concerning the "floor panel" limitation. As Greenbrier explained in its May 31 Brief, the Court need only clarify or refine its construction for the claim term "floor panel" if necessary to decide a material dispute raised by Greenbrier's pending motion for summary judgment. ECF No. 230 at 7–8. And as Greenbrier explained, because NSC previously (during fact and expert discovery, summary judgment briefing, and oral argument) decided to focus (wrongly) on the "floor" limitation, instead of the "floor **panel**" limitation, NSC failed to raise a genuine dispute of **material** fact sufficient to overcome summary judgment. *Id.* NSC's May 31 Brief is more of the same. NSC again presents only **immaterial** arguments about the "floor" limitation, rather than the "floor panel" limitation. In other words, even considering NSC's premature arguments on the merits, they change nothing.

Attempting to conjure an excuse to reopen this case, NSC argues that "it was incumbent upon Greenbrier to speak up" during discovery if Greenbrier's position was that a floor panel extension must extend from (i.e., contact) the floor panel it is supposedly extending. ECF No. 232 at 1. But Greenbrier did speak up. Greenbrier expressly disclosed its position in its February 11, 2022 interrogatory response, months before fact discovery closed. Apel Ex. 89 (ECF No. 231-1) at Ex. A at 6 (Greenbrier explaining that "the side post gusset **does not <u>contact</u>** the floor panel …

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE
COURT'S MAY 15, 2023 ORDER

It is thus **not an _extension_ of** the floor panel (*i.e.*, it is not a floor panel extension) or otherwise part of the floor panel." (emphases added)); *id.*, at Ex. B at 2, 40; Ex. C at 6; Ex. D at 2, 34; Ex. E at 7; Ex. F at 2, 35; Ex. G at 7; Ex. H at 2, 28–29; *see also id.*, at Ex. B at 4; Ex. C at 10; Ex. D at 3; Ex. E at 12; Ex. F at 4; Ex. G at 10; Ex. H at 4. Greenbrier's technical expert reiterated the same position during expert discovery in August 2022. Apel Ex. 9 (ECF No. 187-17) ¶ 155 (Greenbrier's technical expert stating that "in order for a component to be an '***extension***' of the floor panel, a PHOSITA would understand it ***must touch*** the remainder of the floor panel" (emphases added)).

For these reasons explained further below, the Court should reject the premature arguments in, and/or wholly strike, NSC's May 31 Brief, which is simply a last-ditch effort to avoid summary judgment. The Court should also reject NSC's effort to reopen this case—this case that was filed over three and a half years ago—with what even NSC acknowledges would be, at a minimum, four and a half more months of discovery, briefing, and hearings. Instead, the Court should grant Greenbrier's motion for summary judgment of non-infringement of all claims, enter final judgment for Greenbrier, and close this case. It's time.

## II.    ARGUMENT

### A.    NSC violated the Court's May 15 order

In its May 15 Order, the Court ordered the parties to submit supplemental briefing on three specific issues: (i) "whether it is necessary for the court to construe the terms 'extensions' and 'separate'" in the Court's construction of "floor panel"; (ii) "if so, what the process should be for doing so"; and (iii) "what effect, if any, a new order construing those terms would have on the case as a whole, including, for example, whether additional discovery would be necessary as a result of any new construction for those terms." ECF No. 228 at 2–3.

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT'S MAY 15, 2023 ORDER

NSC's May 31 Brief flagrantly disregards the Court's May 15 Order by not addressing the specific issues the Court requested the parties to brief. NSC completely fails to address "whether it is necessary for the court to construe the terms 'extensions' and 'separate'" and "what the process should be for doing so." *Id.* at 2.; *see* ECF No. 232. And NSC addressed in only one page "what effect, if any, a new order construing those terms would have." ECF No. 228 at 3; *see* ECF No. 232 at 10–11. Not only has NSC violated this Court's Order,[1] NSC has left Greenbrier in an untenable position; it is in the dark as to NSC's positions on these issues, with no opportunity to file a written response to NSC's yet to be seen arguments addressing the specific questions asked by the Court.

Because NSC's May 31 Brief is almost entirely merits-based arguments on which the Court did not request briefing, *see* ECF No. 228 at 2–3, this June 14 Brief by Greenbrier does not respond on the merits of NSC's positions (i.e., Greenbrier is not, in this June 14 Brief, presenting evidence and arguments about the substantive incorrectness of NSC's positions regarding the meaning of claim terms, or the meaning of "extensions" or "separate"). Instead, this June 14 Brief by Greenbrier explains how NSC's arguments demonstrate why further claim construction is unnecessary and unwarranted for purposes of deciding Greenbrier's pending, case-dispositive motion for summary judgment of non-infringement of all claims based on the "floor panel"

---

[1] The Court should exercise its discretion to strike NSC's May 31 Brief for failure to comply with the Court's May 15 Order, *see Whitsitt v. Indus. Employer Distributor Ass'n*, No. 13-CV-396, 2014 WL 6790028, at *6 (N.D. Cal. Dec. 2, 2014) ("[I]t is well settled that a court may sua sponte strike a brief that has not filed consistent with the Court's procedural rules."), or find that NSC has forfeited its right to argue whether it is necessary for the court to construe the terms "extensions" and/or "separate," and to argue what the process should be for doing so, *see Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013).

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT'S MAY 15, 2023 ORDER

limitation. If, however, the Court determines additional claim construction is necessary, Greenbrier requests the opportunity to file a brief on the merits responding to NSC's substantive positions.

### B. NSC's merits-based arguments reinforce that further claim construction is unnecessary

In addition to violating the Court's May 15 Order, NSC's merits-based arguments are untimely and immaterial to Greenbrier's motion for summary judgment, demonstrating precisely why no further construction of "extensions" or "separate" is necessary.

Notably, NSC's May 31 Brief is yet another manifestation of NSC's conscious decision to focus (wrongly) on the "floor" limitation, instead of the "floor *panel*" limitation. But it is the "floor panel" limitation that is the subject of Greenbrier's motion for summary judgment. In its May 31 Brief—like in its summary-judgment opposition and at the April 25 hearing—NSC never argued the side post gussets of the Accused Cars were "floor *panel* extension" or "extension of the floor *panel*" or the like. ECF No. 232; *see* ECF No. 230 at 4–5; ECF No. 213 at 3 n.3; Apr. 25, 2023 Hr'g Tr. at 24:5, 24:13, 25:6, 25:12, 25:19–20, 25:22–23, 26:7, 26:10, 26:15–16, 26:19–20, 27:23, 28:25, 33:13, 41:2. As Greenbrier has repeatedly pointed out, NSC's argument that the side post gussets of the Accused Cars are extensions of the "floor" is ***immaterial*** to Greenbrier's motion for summary judgment of non-infringement, which concerns the "floor *panel*" limitation. ECF No. 181 at 16–17.[2]

---

[2] NSC also tries to resurrect its previously argued construction of "floor panel" that uses the vague, ambiguous, and overly broad word "pieces" to describe the components of the "floor panel." ECF 232 at 2–3. But the Court already properly rejected NSC's position almost two years ago. ECF No. 151 at 2; *see* ECF No. 127 at 13–16. In any event, NSC's originally proposed and rejected construction does nothing to address the words "extensions" and "separate," which are the words the Court asked for supplemental briefing on. ECF No. 228 at 2. Thus, NSC's request to have its originally proposed construction adopted is both erroneous and futile as it does nothing to clarify the meaning of "extensions" and "separate," or affect the Court's ability to rule on Greenbrier's motion for summary judgment.

NSC claims that it allegedly "provided scientific analysis establishing that the floor 'extensions' are part of the 'at least one floor panel' and 'deck'" in the form of Mr. Sellberg's finite element analysis ("FEA"). ECF No. 232 at 3. NSC is wrong. ***Mr. Sellberg's FEA does <u>not</u> concern the floor <u>panel</u> limitation***; it concerns only the "floor" limitation. ECF No. 213 at 9–10; ECF No. 203 at 8–9. Mr. Sellberg opines only that the side post gussets of the Accused Cars "are functionally part of the ***floor***." ECF No. 232 at 3 (emphasis added). Each of NSC's citations to and/or paraphrases of Mr. Sellberg's opinions address only the "floor" limitation. *Id.* at 3, 12–13. He says nothing about the function of the side post gussets of the Accused Cars vis-à-vis the floor ***panel***. *See id.*

NSC also re-raises the "abutting" issue for the third time. ECF No. 232 at 3–8; *see* ECF No. 203 at 2–3, 7; Apr. 25, 2023 Hr'g Tr. at 25:1–7, 27:5–17. But Greenbrier has repeatedly made clear it is not trying to relitigate the "abutting" issue. ECF No. 181 at 26; ECF No. 213 at 6.[3] And, as previously made clear, Greenbrier's motion for summary judgment does not depend on whether a floor panel extension must abut the floor panel it is allegedly extending. NSC's abutting-related arguments are therefore immaterial to Greenbrier's motion for summary judgment. *See* ECF No. 213 at 6.[4]

---

[3] Greenbrier continues to reserve its right to appeal the Court's claim constructions.

[4] NSC argues that contact between multiple floor panels is not required. ECF No. 232 at 5; Apr. 25, 2023 Hr'g Tr. at 32:5–7, 38:1–10. This issue is wholly immaterial to Greenbrier's motion for summary judgment. Greenbrier's argument is not that two different floor panels must touch one another. *See* ECF No. 181 at 22–25. Greenbrier's argument is that a floor panel extension must extend from (i.e., contact) the floor panel it is allegedly extending. *Id.* NSC's argument is *not*, and cannot be, that the side post gusset of the Accused Cars is its own, complete, stand-alone "floor panel." That would be an entirely new, previously undisclosed theory of infringement.

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT'S MAY 15, 2023 ORDER

**C.** **The Court should reject NSC's argument about the meaning of "separate"**

NSC wrongly argues in its May 31 Brief that the word "separate" means "non-touching." ECF No. 232 at 1 (referring to "'separate' (i.e., non-touching) 'floor panels'"); *id.* at 5 (referring to "'separate'/non-touching floor 'extensions'"); *id.* at 11–12 (arguing that "separate" means not touching and not connected). The Court should reject this argument for two reasons (along with it being a merits-based argument the Court did not request briefing on).

First, this is the first time NSC has taken this position. Up until now, NSC argued only that "separate" meant "not abutting." *See* ECF No. 92 at 18; ECF No. 130 at 4; ECF No. 139 at 5–6. Indeed, earlier in this case NSC conceded the opposite—i.e., that a "separate" floor panel extension *can* contact the floor panel it is supposedly extending. *See* ECF No. 130 at 3 (NSC stating "the Court seemed to recognize that extensions may be 'separate,' including ***extensions that are joined*** after-the-fact" (emphasis added)); ECF No. 139 at 8 (NSC stating "there are many ways for ***two separate pieces to 'abut' each other***" (emphasis added)).

Second, NSC's argument that "separate" means "not touching" is immaterial to Greenbrier's motion for summary judgment. The issue of what it means for a floor panel extension to be "separate" is immaterial because any such "separate" floor panel extension ***must still be an extension*** of the floor ***panel***. And, as explained repeatedly in previous argument by Greenbrier (including in detail in Greenbrier's May 31 Brief), NSC has chosen not to proffer any evidence that the side post gussets of the Accused Cars are floor ***panel*** extensions. *See, e.g.*, ECF No. 230 at 2–5. In other words, because the only evidence is that the side post gussets are not ***extensions*** of the floor panel, Greenbrier cannot infringe; thus, the issue of whether the side post gussets are ***separate*** is immaterial.

D.    **The Court should reject NSC's requests for additional expert discovery, including any new theory of infringement under the doctrine of equivalents**

NSC asks for additional expert discovery, including the opportunity to assert a wholly new theory of infringement of the "floor panel" limitation under the doctrine of equivalents. *See* ECF No. 232 at 10–11. The Court should reject NSC's requests.

First, NSC's request is, in effect, a Rule 56(d) motion that the Court should deny. NSC argues that "it would be inappropriate for the Court to adjudicate Greenbrier's pending summary judgment motions … without providing NSC and its experts an opportunity to conduct [further] analysis." *Id.* NSC is essentially arguing, to use the language of Rule 56(d), that NSC supposedly "cannot present facts essential to justify its opposition" to Greenbrier's motion for summary judgment. Fed. R. Civ. P. 56(d). But NSC did not file a Rule 56(d) motion or request additional discovery before the summary judgment hearing, which NSC was required to do. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). NSC has also failed to include the required affidavit or declaration. *See* Fed. R. Civ. P. 56(d).

Second, NSC's request for additional discovery should be denied because NSC has not "diligently pursued ***previous*** discovery opportunities." *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. 11-CV-5973, 2013 WL 2053890, at *2 (N.D. Cal. May 14, 2013) (emphasis added) (granting summary judgment of non-infringement and denying plaintiff's request for additional discovery for plaintiff's lack of diligence when discovery was previously available); *Farmasino, Inc. v. Farmasino Pharms. (Jiangsu) Co.*, No. 15-CV-1877, 2016 WL 7655740, at *2 (C.D. Cal. June 20, 2016) (party requesting discovery after summary judgment motion "must also show that it was diligent in pursuing its previous discovery opportunities"). Again, Greenbrier raised, during fact discovery and before service of expert reports, the issue of whether a floor panel extension must

extend from (i.e., contact) the floor panel it is allegedly extending. *See supra* at 1–2 (citing Apel Ex. 89). But NSC deliberately chose to not take discovery on this issue, and deliberately chose ***not*** to have its technical expert address Greenbrier's position.

NSC was fully capable of pursuing, over a year ago, the discovery it now requests. NSC knows how to advance multiple theories of infringement, as evidenced by NSC advancing the Horizontal Leg Across Theory and the Mitered Theory. *See generally* ECF No. 181 at 11–12. NSC also knows how to amass evidence on infringement under alternative claim constructions, as evidenced by NSC's previous statement that it "intends to submit to the Court [at trial] evidence in an offer of proof, for purposes of appeal," that Greenbrier allegedly "infringe[s] … under [NSC]'s proposed construction of 'side sill'" that the Court rejected. ECF No. 180 at 2. And, NSC knows how to advance a theory of infringement under the doctrine of equivalents, as evidenced by NSC's equivalents theory regarding the "single sheet" limitation. *See generally* ECF No. 181 at 42–43. Simply put, NSC has no excuse for not ***previously*** pursing the new positions and discovery for the "floor panel" limitation it now seeks. *See Lightforce USA, Inc. v. Leupold & Stevens, Inc.*, No. 17-CV-1153, 2020 WL 5733173, at *7 (D. Or. Sept. 24, 2020) (granting summary judgment of non-infringement and holding that the plaintiff "lack[ed] good cause to … change, for the first time … on summary judgment" positions taken in its infringement contentions).

Third, NSC's request for additional discovery would amount to an extremely belated and unjustified supplement to its infringement contentions, which it served on Greenbrier 17 months ago, in January 2022. Apel Ex. 6 (ECF No. 187-6). When a plaintiff asserting infringement seeks to supplement or change its infringement theories after the court-ordered deadline (including by adding a theory of infringement under the doctrine of equivalents), courts evaluate the plaintiff's diligence, much like a Rule 56(d) motion. *See, e.g.*, *Speedtrack, Inc. v. Endeca Techs., Inc.*, 524

F. App'x 651, 659 (Fed. Cir. 2013); *Smart Wearable Techs., Inc. v. Fitbit Inc.*, No. 17-CV-5068, 2018 WL 659013, at *1 (N.D. Cal. Feb. 1, 2018).

Here, as explained above, NSC was far from diligent in pursuing its new or alternative theories of infringement (including under the doctrine-of-equivalents) for the "floor panel" limitation. This is because Greenbrier raised during fact discovery in February 2022, and again during expert discovery in August 2022, its position that a floor panel extension must extend from (i.e., contact) the floor panel it is allegedly extending. *See supra* at 1–2 (citing Apel Ex. 89 and Apel Ex. 9). Thus, the Court should deny NSC's request for additional discovery and to assert new theories of infringement for the "floor panel" limitation, including under the doctrine of equivalents. *Speedtrack, Inc.*, 524 F. App'x at 659–60 (affirming summary judgment of non-infringement and denial of plaintiff's request to amend infringement contentions for lack of diligence when plaintiff waited six months to assert a doctrine-of-equivalents theory after learning of defendant's non-infringement position); *Smart Wearable Techs., Inc.*, 2018 WL 659013, at *1 (granting summary judgment of non-infringement and concluding plaintiff did "not act[] diligently in moving to amend its infringement contentions" and did not "act after [defendant] explained its theory of noninfringement"); *Realtime Data, LLC v. Morgan Stanley*, 554 F. App'x 923, 928, 937–38 (Fed. Cir. 2014) (affirming summary judgment of non-infringement and exclusion of plaintiff's new theory of infringement under the doctrine of equivalents).

Fourth, Greenbrier will be severely prejudiced by NSC being able to change this late in the case its theories of infringement for the key "floor panel" limitation. "In patent cases, infringement contentions shape the conduct of discovery and trial preparation. They act as forms of pleading that disclose the parties' theories of their case and thereby shape discovery and the issues to be determined at trial." *CAO Lighting, Inc. v. Feit Elec. Co.*, No. 20-CV-4926, 2021 WL 3376649, at

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE
COURT'S MAY 15, 2023 ORDER

*3 (C.D. Cal. June 2, 2021) (cleaned up); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Thus, if the Court grants NSC's request, Greenbrier will have had no opportunity to depose, for example, NSC's witnesses or Mr. Forbes, the first-named inventor, about NSC's new theories regarding the "floor panel" limitation. Furthermore, Greenbrier will have had no opportunity to develop its non-infringement, invalidity, and damages theories based on the new theory NSC wants to advance now. In short, granting NSC's request would, in effect, necessitate re-litigating this entire case from the beginning. That would be the antithesis of a just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

In *Responsive Innovations, LLC v. Holtzbrinck Publishers, LLC*, 911 F. Supp. 2d 526 (N.D. Ohio 2012), on which NSC relies, ECF No. 232 at 10, the court allowed for additional discovery because the disputed issue ***arose after*** service of expert reports and after the close of discovery. *Responsive Innovations, LLC*, 911 F. Supp. 2d at 534. Here, however, Greenbrier raised during fact discovery and long before service of expert reports the issue of whether a floor panel extension must extend from (i.e., contact) the floor panel it is allegedly extending. *See supra* at 1–2 (citing Apel Ex. 89). And NSC deliberately chose, during fact and expert discovery, to not take discovery on this issue or have its expert opine on this issue.

NSC cites *Mikkelsen Graphic Engineering, Inc. v. Zund America, Inc.*, 541 F. App'x 964 (Fed. Cir. 2013), for the proposition that denying NSC additional expert discovery would be unfairly prejudicial to NSC. ECF No. 232 at 10. NSC is wrong. The district court in *Mikkelsen* granted summary judgment ***sua sponte, against the <u>movant</u>***, and without affording the movant the opportunity for discovery, who understandably did not expect the Court to sua sponte enter summary judgment against it without a motion from the other side. *See* 541 F. App'x at 973–74. Here, however, NSC is the nonmovant; NSC had notice of Greenbrier's position long before the

close of fact and expert discovery, as explained above; and if NSC needed discovery to substantively respond to Greenbrier's motion for summary judgment, NSC should have filed a Rule 56(d) motion, which NSC failed to do. *See Stern v. SeQual Techs., Inc.*, 840 F. Supp. 2d 1260 (W.D. Wash. 2012), *aff'd*, 493 F. App'x 99 (Fed. Cir. 2012) (construing claim term, declining patentee's request for additional discovery for failure to comply with Rule 56(d), and granting summary judgment of non-infringement).

In sum, NSC is in no position to complain about unfair prejudice, lack of discovery, lack of notice, lack of due process, or lack of an opportunity to be heard.

## III.  CONCLUSION

The Court need not further construe "floor panel," or the words "extensions" or "separate," which appear in the Court's construction of "floor panel" because there is no ***material*** dispute concerning whether the side post gussets in Greenbrier's Accused Cars are extensions of the floor ***panel***. The merits-based arguments in NSC's May 31 Brief violate the Court's May 15 order, and in any event, fail to establish a ***material*** dispute concerning the "floor ***panel***" limitation. The Court should grant Greenbrier summary judgment of non-infringement of all claims, enter final judgment for Greenbrier, and deny NSC's request for additional discovery.

Dated: June 14, 2023

/s/ Steven T. Lovett
Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF FILED PURSUANT TO THE
COURT'S MAY 15, 2023 ORDER

Marc S. Cooperman (*Pro Hac Vice*)
mcooperman@bannerwitcoff.com
J. Pieter van Es (*Pro Hac Vice*)
pvanes@bannerwitcoff.com
Janice V. Mitrius (*Pro Hac Vice*)
jmitrius@bannerwitcoff.com
Brian Apel (*Pro Hac Vice*)
bapel@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

*Attorneys for Defendants*