Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Marc S. Cooperman (*Pro Hac Vice*)
mcooperman@bannerwitcoff.com
J. Pieter van Es (*Pro Hac Vice*)
pvanes@bannerwitcoff.com
Janice V. Mitrius (*Pro Hac Vice*)
jmitrius@bannerwitcoff.com
Brian Apel (*Pro Hac Vice*)
bapel@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, a Canadian corporation,<br>Plaintiff,<br><br>v.<br><br>GREENBRIER-CONCARRIL, LLC, GREENBRIER LEASING COMPANY, LLC, and GREENBRIER-GIMSA, LLC,<br>Defendants. | Case No. 3:20-cv-01275-YY<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY ENTRY OF JUDGMENT AND FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S NOVEMBER 17, 2023 ORDER |

Page 1 -   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY ENTRY OF JUDGMENT AND FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S NOVEMBER 17, 2023 ORDER

121579136.1 0024359-00007

The Court should deny Plaintiff National Steel Car Ltd.'s ("NSC's") "Motion to Stay Entry of Judgement and for Leave to File a Motion for Reconsideration and/or Clarification of the Court's Nov. 17, 2023 Order" (hereinafter "NSC's Motion"). *See* ECF No. 243.

NSC's Motion makes two requests: (i) to stay entry of judgment, and (ii) for leave to seek "reconsideration and/or clarification." ECF No. 243 at 2. For several reasons, the Court should deny both of these requests, deny NSC's Motion in full, and enter final judgment for Defendants Greenbrier-Concarril, LLC, Greenbrier Leasing Company, LLC, and Greenbrier-GIMSA, LLC (collectively "Greenbrier").

I. ARGUMENT

   A. **The Court Should Not Stay Entry of Judgment**

NSC provides no legal support for the Court to delay entry of judgment. The Federal Rules state that judgment "must" be entered "promptly." Fed. R. Civ. P. 58(b). The only exception to this promptness mandate is when a court acts quickly on a motion for attorney's fees, Fed. R. Civ. P. 58(e), which is inapplicable here. And although Federal Rules contemplate staying *enforcement* of an already-entered judgment, *see, e.g.*, Fed. R. Civ. P. 62, a final judgment in this case for Greenbrier, the defendant, will not include any award of damages or injunctive relief—meaning there will be no subsequent enforcement proceedings.

Staying entry of final judgment would be highly and unduly prejudicial to Greenbrier. This case has been pending in the district court for almost four years. The cloud of pending litigation lingers over Greenbrier's business each day the Court delays entry of judgment. Greenbrier's customers know that Greenbrier's cars were accused of infringement. The Court should dispel that wrongful allegation. Having prevailed over NSC, Greenbrier deserves closure and finality.

Entering final judgment for Greenbrier does not prejudice NSC because of the options available to NSC after entry of judgment. For example, NSC can appeal. 28 U.S.C. § 1295(a)(1). NSC can also file a Rule 60(b) motion. *See* Fed. R. Civ. P. 60(b). Or, NSC can seek to alter or amend the judgment under Rule 59(e)—but again judgment must first be entered. In fact, if a party seeks "reconsideration of matters properly encompassed in a decision on the merits," then that motion must "be considered a Rule 59(e) motion" irrespective of how the party stylizes its motion. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. N.H. Dep't of Empl. Sec.*, 455 U.S. 445, 451 (1982)).[1] To be clear, Greenbrier believes any appeal, Rule 60(b) motion, or Rule 59(e) motion by NSC will be futile. But the fact that NSC has these options means there is no reason to delay entry of judgment.

NSC's sole basis for delaying entry of judgment is its desire for the Court to reconsider its thorough and well-supported November 17, 2023 Opinion and Order ("Summary Judgment Order"). ECF No. 242. Although NSC states that "[s]taying entry of judgment pending resolution of NSC's motion for reconsideration and/or clarification would serve the interests of justice and judicial economy without prejudice to either party," ECF No. 243 at 2, notably NSC does not provide any support for *how*, or explanation *why*.

Entry of final judgment should not be delayed.

---

[1] Notably, the 28-day period in Rule 59(e) is more time than NSC is requesting for its so-called "reconsideration/clarification" motion. Thus, denying NSC's Motion and entering final judgment for Greenbrier would afford NSC *more* time to be heard than if the Court granted NSC's Motion.

Page 3 -   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY ENTRY OF JUDGMENT AND FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S NOVEMBER 17, 2023 ORDER
121579136.1 0024359-00007

### B. The Court Should Deny NSC Leave to Seek Reconsideration and/or Clarification

Setting aside its prejudicial effect and procedural impropriety, the Court should deny NSC leave to file a motion for reconsideration and/or clarification because NSC fails to allege, let alone show, that any criteria for reconsideration or clarification are satisfied.

Two years ago, NSC told this Court that "[a]motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources,'" and that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." ECF No. 139 at 2 (citing *Fisher v. Comm'r*, No. 16-740, 2017 WL 1927929, at *2 (D. Or. May 10, 2017); *Kona Enters., Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Carter v. Fred Meyer Jewelers, Inc.*, No. 16-883, 2019 WL 2744190, at *3 (D. Or. Apr. 10, 2019); and *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). NSC has not satisfied any of these criteria.

NSC states that it will request reconsideration/clarification "based on the [Court's] construction of 'at least one floor panel' and 'deck.'" ECF No. 243 at 2. But NSC does not identify any "newly discovered evidence, … clear error, or … intervening change in the controlling law." *Carter*, 2019 WL 2744190, at *3. Instead, NSC appears to want to re-litigate, once again, the floor panel/deck/extension issue. As the Court is *well* aware, this issue has been *exhaustively* litigated by both parties for years. During claim construction, the Court received 147 pages of briefing and heard two days' worth of oral argument. ECF Nos. 92, 93, 99, 108, 112, 116. The Court issued its claim construction order, then received 27 pages more of briefing, and issued a revised claim construction order. ECF Nos. 127, 130, 132, 134, 137, 139, 151. Then, at summary judgment, the

Court received 173 pages of briefing, heard two days' worth of oral argument, ordered and received another 54 pages of briefing specifically on the floor panel/deck/extension issue, and heard another days' worth of oral argument. ECF Nos. 181, 203, 213, 226, 227, 228, 230, 232, 234, 235, 237. Re-litigating the same issues that have been fully briefed, argued, and decided is not a valid reason to delay entry of final judgment for Greenbrier. *See Hollywood Ent. Corp. v. Indem. Ins. Co. of N. Am.*, No. 01-138, 2002 WL 31469360, at *2 (D. Or. Mar. 7, 2002) (entering judgment and denying motion to stay entry of judgment because the movant "failed to demonstrate that it could not have discovered the [allegedly new evidence] sooner through the exercise of reasonable diligence").

NSC also fails to identify any plausible ambiguity in the Court's Summary Judgment Order. The Court was clear that an "extension" must "physically touch" the floor panel. ECF No. 242 at 17. The Court explained how NSC's patents consistently describe (in writing) and show (in figures) the extensions "physically touching" the floor panel. *Id.* at 17–20. And the Court explained that the term "separate" in the Court's construction was used merely "to distinguish from extensions that were 'integral.'" *Id.* at 15–16.

Because NSC's Motion fails to show that reconsideration or clarification is justified, the Court should deny NSC's Motion (ECF No. 243) and promptly enter final judgment for Greenbrier.

## II. CONCLUSION

For the foregoing reasons, NSC's Motion (ECF No. 243) should be denied in full, and final judgment should be entered in Greenbrier's favor.

Dated:  November 27, 2023.                    STOEL RIVES LLP

/s/ Steven T. Lovett
Steven T. Lovett, OSB No. 910701
steve.lovett@stoel.com
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
Telephone: 503.224.3380

Marc S. Cooperman (*Pro Hac Vice*)
mcooperman@bannerwitcoff.com
J. Pieter van Es (*Pro Hac Vice*)
pvanes@bannerwitcoff.com
Janice V. Mitrius (*Pro Hac Vice*)
jmitrius@bannerwitcoff.com
Brian Apel (*Pro Hac Vice*)
bapel@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

*Attorneys for Defendants*